UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN KIDERLEN, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 4:09CV01178 ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Steven Kiderlen's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], Movant's Motion for Prompt Court Action [doc. #14], Movant's Motion for Release from Custody [doc. #15], Movant Motion for Release [doc. #16], Movant's Motion for an Order under Federal Rule of Civil Procedure 60(b)(4) [doc. #18], Movant's Motion for an Order Compelling Discovery [doc. #19], Movant's Motion for Injunctive Relief [doc. #20], and Movant's Petition for Injunction and Declaratory Judgment [doc. #30].

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On December 15, 2005, Movant Steven Kiderlen ("Movant") was indicted on one count of transportation of child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1). On June 20, 2006, Movant filed a *pro se* Motion to Disqualify Counsel, urging the Court to remove his attorney from the case so that Movant could represent himself. His attorney subsequently filed his own motion, requesting to withdraw from the representation. After a hearing on June 26, 2006, the Court granted the motions and permitted Movant to proceed *pro se*.

Leading up to trial, extensive hearings were held to determine that Movant was competent to stand trial, proceedings which are not at issue in the pending Motion. For purposes of those proceedings, however, the Court appointed counsel to represent Movant because of the possibility that he was not in fact competent to represent himself. After those hearings were concluded, counsel filed a motion asking to withdraw from primary representation but remain as standby counsel, and Movant represented to the Court that he had no objection to that arrangement. The motion was granted, and Movant represented himself for the remainder of the district court proceedings.

Following a three-day trial, a jury found Movant guilty of the one charged count of transporting child pornography, and the Court sentenced Movant to 240 months in prison. Movant timely appealed, and on June 23, 2009, the Eighth Circuit affirmed Movant's conviction. On July 28, 2009, Movant filed a petition for rehearing en banc, which the Eighth Circuit rejected the same day. In this Motion under 28 U.S.C. § 2255, Movant now seeks to have his sentence set aside on a variety of grounds.

## II.  STANDARD OF REVIEW

A federal prisoner who seeks relief from a sentence under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). § 2255 relief is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would

result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

As the preceding sentence suggests, claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Likewise, constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant establishes either "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Furthermore, issues that were raised and decided on direct appeal, whether constitutional or nonconstitutional, generally may not be relitigated in the context of a § 2255 motion. *See Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.") (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)).[1]

---

[1] The 7th Circuit has succinctly summarized the procedural default rule, recognizing that it ultimately bars considerations of three types of issues in a § 2255 motion:
> (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). The Court notes a lack of clarity, however, in Eighth Circuit opinions addressing the first circumstance, where the issue was actually decided on direct appeal. *Compare Bear Stops*, 339 F.3d at 780; *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.") *with United States v. Ryan*, 227 F.3d 1058, 1063 (8th Cir. 2000) ("[W]e construe the contentions raised in Ryan's direct appeal as constituting a challenge to the sufficiency of the evidence adequate to preserve that issue for review in the present action [under § 2255].") Although the Court is unsure as to the implication of *Ryan*, it nevertheless seems that there exists some question in the Eighth Circuit as

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). As such, a § 2255 movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

## III. DISCUSSION

Movant asserts eight grounds for relief in his § 2255 Motion. Three of those grounds concern evidentiary rulings or the sufficiency of the evidence at trial: (1) the Court erred in permitting the Government to introduce evidence from computers that should have been excluded due to faulty chain-of-custody procedures; (2) Movant could not be convicted for the count charged because the Government failed to prove that he transported child pornography over telephone lines, as charged in the indictment, in that the internet connection at his home utilized a satellite connection; and (3) the Government failed to introduce into evidence or produce an original version of any of the relevant e-mails or instant message sessions between Movant and K.G., the minor female to whom Movant sent child pornography. Movant's remaining claims are constitutional in nature: (4) the Assistant United States Attorney who presented the case against

---

to whether a showing of changed circumstances entitles a § 2255 movant to relitigate an issue decided on direct appeal, and if so, what specific showing would be necessary.

Movant before the Grand Jury engaged in prosecutorial misconduct, in violation of Movant's due process rights, by improperly acting in dual roles as both an attorney for the Government and as a witness, through impermissible use of leading questions; (5) the Government failed to turn over exculpatory evidence of telephone records, also in violation of Movant's due process rights; (6) the federal judgment against Movant violates the Double Jeopardy Clause because the indictment was previously used as grounds for imposing special conditions on his state parole; (7) the appointment of counsel to represent him at the district court and court of appeals levels violated his Sixth Amendment right to self-representation; and (8) his appellate counsel provided ineffective assistance in failing to file on direct appeal those claims that Movant asserts here.[2]

### A. *Evidentiary Rulings and Sufficiency of the Evidence*

Movant's § 2255 claims concerning the evidence at trial are procedurally barred. On direct appeal, Movant unsuccessfully claimed that there was insufficient evidence introduced at trial to convict him, and Movant is therefore barred from raising this argument again. *See United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."). To the extent Movant raises new arguments concerning evidentiary rulings or the sufficiency of the evidence, those claims were procedurally defaulted because Movant did not raise them in his direct appeal. *See Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."); *see also Houser v. United States*, 508 F.2d 509,

---

[2] To the extent Movant might take issue with how the Court has characterized his claims, the Court notes that Movant would have been better served to present all of his claims distinctly and cogently in his initial Motion, as the Court could have simply disregarded all new arguments and theories advanced in later briefing.

515 (8th Cir. 1974) ("Claimed errors in evidentiary rulings . . . do not state a claim for relief under 2255."). Thus, these claims will all be denied without an evidentiary hearing.

## B. *Ineffective Assistance of Appellate Counsel*

Movant claims that his appellate counsel was ineffective in failing to raise on direct appeal the claims that Movant asserts in this Motion. This claim was, of course, not raised on direct appeal, but proof of ineffective assistance of counsel generally satisfies the cause for default and actual prejudice requirements necessary to overcome a procedural default. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Movant also asserts that appellate counsel's ineffective assistance should excuse his failure to raise his remaining constitutional claims on direct appeal, and the Court therefore considers this claim first.

To prove ineffective assistance of counsel, a § 2255 movant must demonstrate that (1) counsel's performance was deficient, in that it fell below minimum standards of professional competence; and that (2) the defendant was thereby prejudiced – that is, that the result of the proceeding would have been different but for counsel's deficient performance. *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984)). "The deficient performance standard is rigorous," and it is presumed "that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (internal citation omitted). Furthermore, "[w]hen appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain an ineffective assistance claim based on allegations that counsel was deficient for failing to raise other claims"; thus, the presumption of effective assistance generally can only be overcome where the omitted issues are "clearly stronger" than those that counsel presented. *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006) (internal citations omitted). The prejudice

6

analysis is "equally rigorous," requiring the movant to establish that the result of the appeal would have been different if counsel had raised an omitted issue on direct appeal. *Brown*, 528 F.3d at 1033 (internal citation omitted).

On direct appeal, counsel asserted that Movant's conviction should have been reversed because (1) he was not competent to stand trial; (2) his waiver of his right to counsel was not knowing and voluntary; (3) there was insufficient evidence introduced at trial to support the jury's verdict; (4) his sentence is unreasonable under 18 U.S.C. § 3553(a); and (5) his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See United States v. Kiderlen*, 569 F.3d 358, 360 (8th Cir. 2009). Although the Eighth Circuit rejected each of those arguments, Movant cannot demonstrate that the claims counsel refused to raise were "clearly stronger" because even a cursory examination of the omitted claims demonstrates that counsel performed reasonably in deciding not to pursue them on appeal.

### 1. Admissibility of Computers

Movant argues that the Court erred in permitting the Government to introduce computers from the residence of the minor to whom he sent child pornography, because the police did not maintain custody of the computers until trial.

An erroneous ruling admitting evidence will only lead to reversal of a judgment if it prejudiced the outcome of the case. *United States v. Lopez*, 384 F.3d 937, 942 (8th Cir. 2004). "Prejudice results when an erroneous evidentiary ruling affects the substantial rights of the defendant or when the error has a significant impact on the verdict." *Id.* (internal citation omitted).

Admitting the physical computers into evidence, even if in error, did not significantly impact the verdict. The actual computers were only introduced into evidence for illustrative

7

purposes; their hard drives, in contrast, and specifically the photographs of children engaging in sex acts that were located on one of the hard drives, were copied by police investigators when the computers were originally turned over to police, and are therefore not subject to any faulty chain-of-custody argument. The computers themselves did not play a significant part in the evidence presented at trial, and accordingly it highly unlikely that Movant would have been able to convince the court of appeals that admitting them constituted reversible error. As such, Movant's appellate counsel was not ineffective in deciding not to raise this argument on appeal.

### 2. Failure to Prove Interstate Commerce Element of Charge

Movant contends that the Government failed to prove its case because he was charged with transporting child pornography in interstate commerce via the internet – defined as "a computer communications network using interstate and foreign telephone lines to transmit data streams" – and the evidence demonstrated that his internet connection transmitted data via satellite.

Assuming that this argument was not encompassed by counsel's claim of insufficient evidence to support the verdict on direct appeal, this was still not a viable grounds for appeal because the evidence clearly supported the interstate commerce element. The evidence at trial established that the e-mails containing child pornography were sent in interstate commerce from Missouri to the server of Movant's internet service provider in Maryland, and then to the minor recipient in Missouri. Movant's claim that his conviction should be reversed because the indictment's definition of "internet" failed to include the possibility that data would be sent by satellite is specious and would be extremely unlikely to succeed on appeal. This claim is not "clearly stronger" than those that were raised on direct appeal, and counsel was therefore not ineffective for refusing to raise it.

8

### 3. Government's Failure to Introduce into Evidence Original E-Mails

Movant argues that he could not be convicted because the original e-mails in which he sent child pornography were never introduced into evidence at trial. This argument is necessarily addressed by the Eighth Circuit's conclusion that there was sufficient evidence at trial to support the verdict; if there was sufficient evidence, it is irrelevant whether or not the original e-mails or instant message sessions were introduced. *See Kiderlen*, 569 F.3d at 368. Movant has not presented any authority suggesting some other basis for requiring the prosecution to introduce these materials into evidence in order to support a conviction for the charged offense. Counsel's decision not to pursue this argument on appeal was not unreasonable.

### 4. Prosecutorial Misconduct

Movant's next claim is that the Assistant United States Attorney engaged in prosecutorial misconduct by "testifying" at the grand jury proceeding through impermissible use of leading questions. This claim would not be successful because "[a]ny injury sustained in the charging process is cured by a subsequent finding of guilt beyond a reasonable doubt." *United States v. Tulk*, 171 F.3d 596, 598 (8th Cir. 1999); *see also United States v. Pumpkin Seed*, 572 F.3d 552, 557 (8th Cir. 2009) ("[E]ven assuming that there were errors in the charging decision that may have followed from the conduct of the prosecution, the petit jury's guilty verdict rendered those errors harmless.") (internal quotations and citations omitted). As such, appellate counsel did not perform objectively unreasonably in deciding not to raise this issue on direct appeal.

### 5. Government's Failure to Disclose Exculpatory Evidence

Movant asserts that the Government refused to turn over to him telephone records which would have demonstrated that, contrary to other evidence at trial, he never spoke on the

9

telephone with the minor female to whom he sent e-mails containing child pornography, or in the alternative, that the records would have allowed him to impeach the minor's credibility.

A claim that the prosecution failed to disclose exculpatory evidence, commonly referred to as a *Brady* claim, requires proof that "(1) the evidence was favorable to the defendant; (2) the evidence was material to guilt; and (3) the government suppressed evidence." *United States v. Barraza Cazares*, 465 F.3d 327, 333 (8th Cir. 2006) (internal citation omitted); *see also Brady v. Md.*, 373 U.S. 83, 86-88 (1963). This rule also extends to evidence affecting the credibility of a prosecution witness, known as *Giglio* material, provided the evidence is material under the *Brady* standard. *United States v. Garcia*, 562 F.3d 947, 952 n.7 (8th Cir. 2009) (internal citations omitted); *see also Giglio v. United States*, 405 U.S. 150, 153-55 (1972).

Appellate counsel did not act unreasonably in choosing not to pursue this argument because Movant cannot establish any of the three elements of a *Brady* claim. It is entirely speculative that the records would have been favorable to Movant, as it is not even clear that the records were ever retrieved. *See United States v. Van Brocklin*, 115 F.3d 587, 594 (8th Cir. 1997) ("Mere speculation that materials may contain exculpatory evidence is not . . . sufficient to sustain a *Brady* claim.") (internal citation omitted). As the Government notes, it was never established which telephones were used for the calls at issue, and therefore any records that might have been retrieved would not have conclusively demonstrated that the calls never took place. It is also highly unlikely that the Eighth Circuit would have concluded the records were material to guilt, as the discussion of telephone conversations was only used to support significant other evidence of the connection between Movant and K.G., and the telephone calls were not an element of the offense of which Movant was found guilty – transporting child pornography in interstate commerce. Last, there is no indication that the Government suppressed these telephone

records because Movant provides no evidence that the Government ever retrieved them. As such, the Court concludes that this claim was not "clearly stronger" than those raised on appeal.

### 6. Double Jeopardy Clause Violation

Movant contends that the judgment against him violates the Double Jeopardy Clause in that he has been punished multiple times for the same offense through special conditions imposed on his state parole as a result of the federal indictment and subsequent conviction. In making this argument, Movant fails to recognize that revocation of parole or special conditions imposed on parole are penalties attributable to the crime to which the parole is connected, and that they therefore do not constitute "new punishment" for double jeopardy purposes. *See United States v. Bennett*, 561 F.3d 799, 802-03 (8th Cir. 2009). As such, any conditions imposed on Movant's parole did not implicate the Double Jeopardy Clause, regardless of whether the federal criminal prosecution provided the basis for the state parole board's action. Thus, any argument that appellate counsel should have pursued this claim is meritless.

### 7. Sixth Amendment Violation

Movant claims that counsel should have argued on appeal that the Court's appointment of counsel to represent him at the district court and appellate levels violated his Sixth Amendment right to represent himself.

Movant's contention that his right to represent himself at trial was violated is refuted by the record. Although the Court appointed counsel to represent Movant during competency hearings, it permitted him to provide his own defense throughout his trial. Movant claims that the presence of standby counsel infringed on his Sixth Amendment rights, but Movant expressly represented to the Court that he had no objection to that arrangement when counsel sought to withdraw from primary representation and remain as standby counsel. In any event, the Supreme

11

Court has recognized that a trial court may even appoint standby counsel over a *pro se* defendant's objection without violating his Sixth Amendment rights, so long as counsel's participation "does not seriously undermine the appearance before the jury that the defendant is representing himself." *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) (internal quotations and citations omitted). The Court believes that counsel's presence did not have any such effect at trial, and it appears that the Eighth Circuit agreed:

> During the litigation, [Movant] displayed knowledge of the trial process. Proceeding *pro se*, he submitted questions for voir dire and exercised strikes for cause and peremptory strikes. He raised objections at trial, some of which were sustained. He cross-examined witnesses, even prompting a compliment from [this Court] for establishing inconsistent statements, and he consulted with his appointed standby counsel during the trial.

*United States v. Kiderlen*, 569 F.3d 358, 366 (8th Cir. 2009).

Although it seems somewhat implausible that Movant would have been able to raise, on direct appeal, his claim that appointment of appellate counsel violated his Sixth Amendment rights, the claim would have been unsuccessful. The Supreme Court has squarely held that there is no constitutional right to self-representation on direct appeal. *Martinez*, 528 U.S. at 692.

As such, the Court finds that Movant's right to effective assistance of counsel was not violated by appellate counsel's refusal to pursue this Sixth Amendment argument on appeal.

### 8. Conclusion

The Court concludes that Movant's claim of ineffective assistance of appellate counsel is clearly refuted by the record. Movant has failed to demonstrate that any of the issues counsel failed to raise on appeal were "clearly stronger" than those that he did raise, and accordingly, Movant cannot demonstrate that counsel's performance was objectively unreasonable. As such, this claim will be denied without an evidentiary hearing.

### C. *Movant's Remaining § 2255 Constitutional Claims*

Although the Court has already addressed these claims – alleging prosecutorial misconduct, *Brady* violations, and violations of the Double Jeopardy Clause and Sixth Amendment – in the context of Movant's ineffective assistance of appellate counsel claim, Movant also asserts these claims as separate grounds for relief in his § 2255 Motion. These constitutional claims were not raised on direct appeal, which means they were procedurally defaulted unless Movant can establish cause for the default and actual prejudice from the failure to appeal. *See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001).

Movant's failure to establish that counsel was unconstitutionally ineffective in failing to raise these claims on appeal, however, means that he cannot satisfy the cause necessary to overcome his procedural default, even if counsel did err in not asserting these claims. As the Supreme Court explained in considering a state court procedural default in the context of a federal habeas corpus petition:

> So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that *some objective factor external to the defense* impeded counsel's efforts to comply with the State procedural rule.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis added), *abrogated on other grounds by Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). The same rationale applies to these claims; the Court has concluded that appellate counsel was not unconstitutionally ineffective in deciding not to assert them on direct appeal, and Movant has not indicated that any other external factor prevented him from raising these arguments in his appeal. Furthermore, as the Court's analysis in the preceding Section suggested, all of these constitutional claims suffer from substantial defects,

such that Movant cannot demonstrate that he was actually prejudiced by counsel's decision not to pursue them on direct appeal.

The Court therefore concludes that Movant's § 2255 claims alleging prosecutorial misconduct, *Brady* violations, and violations of the Double Jeopardy Clause and Sixth Amendment will be denied without an evidentiary hearing because Movant has failed to make the showing necessary to overcome his failure to raise them on direct appeal.

## IV.     CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as required in order for the Court to issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's Motion.

## V.     CONCLUSION

Movant's claims under 28 U.S.C. § 2255 will be denied without an evidentiary hearing. He is barred from relitigating his claim that there was insufficient evidence to convict him at trial because that issue was raised and decided on direct appeal, and his remaining claims concerning the admissibility or sufficiency of the evidence were procedurally defaulted by his failure to raise them on direct appeal. His claim of ineffective assistance of appellate counsel, based on counsel's decision not to raise certain arguments on direct appeal, will be denied because Movant has failed to demonstrate that counsel's decisions were unreasonable. Finally, Movant's remaining constitutional claims – alleging prosecutorial misconduct, *Brady* violations, and violations of his rights under the Double Jeopardy Clause and the Sixth Amendment – were not raised on direct

appeal, and Movant has failed to show the cause and actual prejudice necessary to overcome the procedural default.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Motion for Prompt Court Action [doc. #14], Movant's Motion for Release from Custody [doc. #15], Movant Motion for Release [doc. #16], Movant's Motion for an Order under Federal Rule of Civil Procedure 60(b)(4) [doc. #18], Movant's Motion for an Order Compelling Discovery [doc. #19], Movant's Motion for Injunctive Relief [doc. #20], and Movant's Petition for Injunction and Declaratory Judgment [doc. #30] are **DENIED, as moot**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 19th Day of April, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE