# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN DUANE KIDERLEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | No. 4:09CV01178 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Movant attempts to bring new constitutional claims for relief in the motion. As a result, the claims are barred by the AEDPA's restrictions on filing second or successive motions to vacate under § 2255.

A jury found movant guilty on one count of transporting child pornography, and the Court sentenced him to 240 months' imprisonment. United States v. Kiderlen, 4:05CR721 ERW (E.D. Mo.). The conviction and sentence were affirmed on appeal. In his motion to vacate under § 2255, movant alleged that his appellate counsel was ineffective, that the evidence either should have been excluded or that it was insufficient, that the prosecutor engaged in misconduct and withheld exculpatory evidence, and that the appointment of counsel to represent him violated his right to self-representation. This Court entered judgment against movant on April 19, 2010, and the Court did not issue a certificate of appealability. The United States Court of Appeals for the Eighth Circuit further denied movant a certificate of appealability.

Movant now requests relief from judgment on the ground that trial counsel was ineffective for failing to properly investigate his mental illness or the government's evidence.

Movant further argues that the prosecutor withheld various forms of exculpatory evidence. Movant seeks immediate release from custody.

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009).

> For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a [trial] court's judgment of conviction or as an attack on the federal courts previous resolution of the claim on the merits. "On the merits" refers to a determination that there exist or do not exist grounds entitling a petitioner to [federal postconviction relief]. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

Id. (citation and quotations omitted). The instant Rule 60(b) motion contains a claim because the factual predicate of movant's claims concern the validity of the underlying conviction. As a result, movant is not entitled to relief.

Moreover, "Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002). Neither the factual nor legal predicates of the instant motion present exceptional circumstances. And furthermore, Rule 60(c)(1) requires that a motion made under Rule 60(b) "be made within a reasonable time . . ." The factual predicate of the instant motion was known to movant at the time of trial, and therefore, this motion has not been made in a reasonable time. As a result, movant is not entitled to relief under Rule 60(b).

For each of these reasons, movant is not entitled to relief. Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure [ECF No. 50] is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any future filings from movant in this closed action, unless such filings pertain to an appeal.

So Ordered this 11th day of February, 2014.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE